**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JAMES A. DOWELL,** ) | **CASE NO. 1:06 CV 1771** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **STUART HUDSON, Warden,** ) | **Magistrate Judge Hemann** |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. The Report and Recommendation (Document #21) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DISMISSED.

The January 2003 term of the Cuyahoga County grand jury indicted Petitioner on one count of murder with a firearm specification and one count of having a weapon while under a disability. (See factual and procedural background as thoroughly and accurately discussed by the Magistrate Judge.) On September 5, 2003, a jury returned a verdict of guilty to the indicted charge of murder, in violation of Ohio Rev. Code § 2903.02, with a three-year firearm specification. Petitioner was also found guilty

by the Trial Court of having a weapon while under disability in violation of Ohio Rev. Code § 2923.13. The Court sentenced Petitioner to 15 years to life imprisonment for murder to be served consecutively to a mandatory three year imprisonment for the firearm specification. The Court also sentenced Petitioner to a nine-month term of imprisonment for having a weapon while under a disability, that sentence to be served concurrently with the sentence for murder.

Petitioner timely filed a Notice of Appeal in the State Appellate Court.[1] On August 2, 2004, the State Appellate Court affirmed the judgment of the Trial Court. On December 1, 2004, the Ohio Supreme Court allowed Petitioner to file a delayed appeal. On March 2, 2005, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial Constitutional question. On October 21, 2004, Petitioner filed a Motion to Reopen, pursuant to Ohio App. R. 26(B), in the State Appellate Court, which was denied. Petitioner timely appealed that decision to the Ohio Supreme Court. On August 10, 2005, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial Constitutional question.

On April 13, 2004, Petitioner filed a Petition for Postconviction Relief pursuant to Ohio Rev. Code § 2953.21. On March 12, 2005, the Trial Court dismissed Petitioner's Petition. Petitioner timely appealed the Trial Court's dismissal of his Petition for Postconviction Relief. On February 7, 2006, the State Appellate Court affirmed the judgment of the Trial Court. Petitioner timely appealed that decision to the Ohio Supreme Court. On May 10, 2006, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial Constitutional question.

---

[1] See Magistrate Judge's Report and Recommendation for detailed discussion of all of Petitioner's State Court filings.

Petitioner filed his Petition for a Federal Writ of Habeas Corpus with this Court on July 21, 2006.  In his amended Petition, Petitioner asserts twelve grounds for relief.

> GROUND 1: PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO THE CONSTITUTION TO EQUAL PROTECTION AND DUE PROCESS WERE VIOLATED WHEN THE TRIAL COURT IN DENYING PETITIONER'S MOTION FOR ACQUITTAL AS TO THE CHARGE OF MURDER WHEN [SIC] THE STATE FAILED TO PRESENT [SIC] SUFFICIENT EVIDENCE THAT PETITIONER ACTED PURPOSELY.
>
> GROUND 2: PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO THE CONSTITUTION OF EQUAL PROTECTION AND DUE PROCESS WERE VIOLATED AN[D] HIS CONVICTION OF MURDER IS AGAINST THE SUFFIENCY OF THE EVIDENCE (ACTUAL INNOCEN[CE]).
>
> GROUND 3: THE TRIAL COURT COMMITTED PLAIN ERROR IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN IMPROPERLY INSTRUCTING THE JURY ON VOLUNTARY MANSLAUGHTER ON THE KNOWINGLY ELEMENT.
>
> GROUND 4: PETITIONER WAS DENIED HIS FOURTEENTH AND FIFTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE COURTS FAILED TO RULE ON THE MERITS OF HIS CLAIMS.
>
> GROUND 5: PETITIONER'S ALLEGES [SIC] HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT UNDER [SIC] THE UNITED STATES CONSTITUTION AN ENTITLEMENT TO INVOKE THE FACTUAL SIMILARITY REQUIREMENT WHERE "NEW" FACTS WERE DISCOVERED AND WERE NOT EASILY DISCOVERABLE IN PETITIONER'S PRO SE CAPACITY: PETITIONER ALLEGES THAT BOTH HIS TRIAL COUNSEL AND APPELLATE COUNSEL'S

|              |                                                                 |
|--------------|-----------------------------------------------------------------|
|              | INEFFECTIVENESS, [SIC] IN ALL RELATED MATTERS, PETITIONER ALSO ALLEGES INSUFFICIENCY OF THE EVIDENCE, IMPROPER JURY INSTRUCTIONS ON VOLUNTARY MANSLAUGHTER ON THE KNOWINGLY ELEMENT. |
| GROUND 6:    | PETITIONER'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED DUE TO THE INEFFECTIVENESS OF HIS TRIAL COUNSEL. |
| GROUND 7:    | PETITIONER ASSERTS AN ENTITLEMENT TO AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL NOT ONLY PREJUDICE[D] HIS RIGHTS AND TRIAL BUT ALSO DENIED HIS CLIENT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT PRIOR [SIC] TO TRIAL, DURING TRIAL, AND EVEN AFTER HIS TRIAL. |
| GROUND 8:    | PETITIONER ALLEGES HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THE FOLLOWING MANNER AND THAT COUNSEL'S ACTS OR OMISSIONS SUFFICIENTLY FALLS [SIC] OUTSIDE THE WIDE RANGE OF PROFESSIONALLY COMPETENT ASSISTANCE, WHICH SUBSEQUENTLY DENIED PETITIONER OF [SIC] HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER ARE [SIC] UNITED STATES' CONSTITUTIONAL LAW. |
| GROUND 9:    | PETITIONER ALLEGES HE WAS DENIED HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT OF [SIC] EQUAL PROTECTION AND EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, AND DUE PROCESS OF LAW UNDER THIS UNITED STATES CONSTITUTION. |
| GROUND 10:   | PETITIONER WAS DENIED FOURTEENTH AMENDMENT RIGHTS UNDER DUE PROCESS OF LAW. |
| GROUND 11:   | PETITIONER'S RIGHTS WERE VIOLATED BY THE PROSECUTION WHEN PROSECUTION WITH SEVERAL CRUCIAL PIECES OF EXCULPATORY |

|  | EVIDENCE DENING [SIC] PETITIONER OF HIS [SIC] FIFTH AND FOURTEENTH TO THIS [SIC] UNITED STATES CONSTITUTION DENYING [SIC] HIM OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW. |
|---|---|
| GROUND 12: | PETITIONER WAS DENIED HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED [SIC] AND HE IS IN CUSTODY IN VIOLATION OF THESE CONSTITUTIONAL LAWS OF THE UNITED STATES. |

Respondent filed an Answer/Return of Writ on November 6, 2006 (Docket #14). Petitioner filed a Traverse on January 25, 2007 (Docket #20).

On January 30, 2007, the Magistrate Judge issued a Report and Recommendation. (Docket #21.) First, the Magistrate Judge recommends that this Court dismiss Petitioner's Tenth Ground for Relief, as it is outside the Court's subject matter jurisdiction. Second, the Magistrate Judge notes that there is no need for an evidentiary hearing in the instant case, explaining that all of Petitioner's claims involve legal issues which can be independently resolved without additional factual inquiry. Third, the Magistrate Judge acknowledges that Petitioner has exhausted all State remedies.

The Magistrate Judge also recommends that this Court dismiss Petitioner's Third; Sixth; Eighth; Ninth; and, Eleventh Grounds for Relief on the basis that they are procedurally defaulted. The Third Ground for Relief, in which Petitioner contends that the Trial Court erred when it improperly instructed the jury as to the *mens rea* of "knowingly" for the count of voluntary manslaughter, is procedurally defaulted because Petitioner failed to object to the instruction at Trial. The Sixth and Eighth Grounds for Relief, alleging ineffective assistance of Trial Counsel, were procedurally defaulted as a result of Petitioner's failure to raise them on direct appeal. Petitioner's Ninth Ground for Relief, ineffective

assistance of Appellate Counsel, was procedurally defaulted because Petitioner failed to raise this issue at his first available opportunity, his direct appeal to the Ohio Supreme Court. The Eleventh Ground for Relief, alleging prosecutorial misconduct for failing to reveal exculpatory evidence, was not previously raised in any State Court.

The Magistrate Judge considered the remaining claims, giving deference to the State Court's determination of Petitioner's Constitutional claims, rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). With regard to his First and Second Grounds for Relief, alleging that his conviction was based on insufficient evidence, the Magistrate Judge found that Petitioner did not present clear and convincing evidence that the State Court erred in determining that there was sufficient evidence to support his conviction for murder. Accordingly, the Magistrate Judge recommends that the Court overrule Petitioner's First and Second Grounds for Relief.

The Magistrate Judge recommends that Petitioner's Fourth Ground for Relief, alleging that the State Courts violated rights protected by the Fourteenth and Fifteenth Amendments by failing to rule on the merits of his claims, be overruled. Specifically, Petitioner argues that his rights were violated when the Ohio Courts dismissed his claims on the basis of *res judicata*, without holding a hearing or otherwise reviewing the merits of his claims. The Magistrate Judge discussed that the Sixth Circuit has repeatedly found that Ohio's use of *res judicata* is an adequate and independent ground on which the State may rely to foreclose Constitutional review of Petitioner's habeas claims. Accordingly, the Magistrate Judge recommends that the Fourth Ground for Relief be overruled.

In his Fifth Ground for Relief, Petitioner appears to argue that he was denied due process, alleging authorities fraudulently altered unspecified documents in the Record submitted to this Court and

did not grant him timely access to those documents. Because he has offered to nothing to support this allegation, and does not cite any case law to support the argued alleged due process violation, the Magistrate Judge recommends that Petitioner's Fifth Ground for Relief be overruled.

Petitioner's Seventh Ground for Relief involves a series of claims regarding alleged ineffectiveness of Appellate Counsel. The Magistrate Judge recommends that the Seventh Ground for Relief be dismissed as procedurally defaulted, noting that Petitioner has not shown cause and prejudice for the default and failed to adequately support a claim of actual innocence which might excuse the default.

Finally, in his Twelfth Ground for Relief, Petitioner alleges that he was denied rights protected by the Fifth, Sixth, and Fourteenth Amendments. Specifically, Petitioner alleges that his conviction was based upon unreasonable determinations of factual issues made by the State Court and that those determinations were not fairly supported by the Record and evidence. The Magistrate Judge recommends that the Twelfth Ground for Relief be overruled, noting that Petitioner failed to set forth specific, identifiable constitutional violations and failed to provide any law or argument to support his allegations.

On April 5, 2007, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. (Docket #27.) Petitioner set forth a lengthy statement of facts, and reiterated the procedural history of this case. Petitioner raised his objections to the recommendations of the Magistrate Judge. No Response was filed to Petitioner's Objections.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Hemann as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hemann (Document #21) in its entirety; Petitioner's Petition for Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                          s/ Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: April 30, 2007